# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DONTE ICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-cv-154 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Donte Ice, a pro se prisoner. For the reasons set forth below, the petition (ECF 1) is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to close this case. Donte Ice is **DENIED** leave to proceed in forma pauperis on appeal.

BACKGROUND

In his petition, Ice challenges the prison disciplinary hearing (MCF 15-10-290) where he was found guilty of Possession or Use of Controlled Substance in violation of Indiana Department of Correction (IDOC) policy A-106. ECF 1 at 1. The Conduct Report states that on October 15, 2015, Sergeant Uhle conducted a search of Ice's cell with his canine partner. ECF 1-1 at 12. Uhle's canine partner signaled that there was contraband in Ice's property box.

*Id.* Uhle's search of the property box revealed an altered BBQ sauce bottle containing a secret compartment. *Id.* Within the secret compartment Uhle discovered "a white powdery substance wrapped in cellophane." *Id.* Uhle issued Ice a disciplinary ticket pursuant to IDOC B-202. *Id.*

Ice's hearing was held on November 5, 2015, by the Disciplinary Hearing Officer (DHO). *Id.* Ice was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.* Ice lists three grounds which he claims entitles him to relief.

DISCUSSION

In Grounds One and Two, Ice lists a number of overlapping issues regarding the procedure and substance of his disciplinary hearing. Each of these issues relates to the sufficiency of the evidence the DHO relied upon in determining that Ice was guilty.

In the disciplinary context, the DHO needs only a small amount of evidence on which to find an inmate guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the

prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786 (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

Here, there was sufficient evidence to find Ice guilty of Possession or Use of Controlled Substance. The IDOC defines Possession or Use of Controlled Substance, offense B-202, as follows: "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The contraband was found in Ice's property box. ECF 1-1 at 12. Ice admits that he was in possession of the bottle containing the white powdery substance. ECF 1-1 at 9. Though Ice

3

argues that he was not aware that the BBQ sauce bottle contained contraband, the DHO did not have to believe him. It was not arbitrary for the DHO to not believe him because it was found in his property. However, even if Ice did not know, the IDOC did not make intent an element of B-202. Rather, possession alone is sufficient to violate this policy.

Ice argues that the substance found in his cell should have been tested to conclusively determine that the white powder was a controlled substance. Ice is incorrect. Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. *See also Portee v. Vannatta*, 105 F. App'x 841, 843 (7th Cir. 2004) (upholding disciplinary officer's denial of inmate's request for DNA testing). Uhle's canine partner signaled that Ice's property box contained contraband. Uhle then discovered the white powdery substance in Ice's property box. In light of this evidence, the DHO's determination was not arbitrary. IDOC's decision not to send the contraband to a lab for official testing is not a basis for habeas corpus relief.

Ice also asserts that he is entitled to relief based on the alleged "lack of chain of custody." ECF 1 at 2. According to Ice, the lack of a chain of custody denied him due process. However,

"[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. In prison disciplinary cases, due process does not require a complete chain of custody. Rather, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, there is no affirmative indication of a mistake. Therefore, the lack of a chain of custody report is not a basis for habeas corpus relief.

In Ground Three, Ice claims that he is entitled to relief because the "evidence supports [a] lesser included offense." ECF 1 at 2. Ice is incorrect. The harshness of the punishment imposed is not a valid basis for challenging a DHO's decision, so long as the punishment is within the range designated for the offense. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature … this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence…"). Here, IDOC policy sets the maximum loss of earned credit time for a Class B offense as three-months. Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. Ice

lost 90 days of his earned credit time. IDOC policy sets the maximum credit class reduction for a Class B offense as one-class demotion. Ice received a one-class demotion. *Id.* Because the DHO sentenced Ice within the appropriate guidelines, Ice is not entitled to habeas corpus relief based on Ground Three.

If Ice wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

CONCLUSION

For the reasons set forth above, the petition (ECF 1) is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to close this case. Donte Ice **DENIED** leave to proceed in forma pauperis on appeal.

**DATED: April 18, 2017**
                                        **/s/RUDY LOZANO, Judge**
                                        **United States District Court**